# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| TALEISHA LEWIS, § <br> Plaintiff, § <br> § <br> vs. § <br> § <br> TITLEMAX OF TEXAS, INC, PLATE § <br> RECON, LLC DBA PLATE LOCATE, § <br> AND FCAR, LLC, DBA FIRST CALL § <br> AUTO RECOVERY & TOWING, § <br> Defendants. | CIVIL ACTION NO. 6:19-cv-630 <br><br> **COMPLAINT** Jury Trial Demanded |

## NATURE OF ACTION

1.  Plaintiff, Taleisha Lewis, brings this action against Defendants TitleMax of Texas, Inc.("TMT"), Plate Recon, LLC DBA Plate Locate ("PRL"), and FCAR, LLC, DBA First Call Auto Recovery & Towing ("FCAR") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Texas Uniform Commercial Code, TEX. BUS. & COM. CODE § 9.101 *et seq.*

## JURISDICTION, VENUE, AND STANDING

2.  This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

3.  Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Ms. Lewis's action occurred in this district, where she resides in this district, and where Defendants transact business in this district.

4.  "In determining whether an intangible harm constitutes injury in fact, both history and the judgment of Congress play important roles." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016). Congress is "well positioned to identify intangible harms that meet minimum Article III requirements," thus "Congress may 'elevat[e] to

1

the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law.'" *Id.* (quoting *Lujan v. Defs of Wildlife*, 504 U.S. 555, 578 (1992).

5. "Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016) (quoting 15 U.S.C. § 1692(b)). Thus, a failure to honor a consumer's right under the FDCPA constitutes an injury in fact for Article III standing. *See id.* at *3 (holding that a consumer "has alleged a sufficiently concrete injury because he alleges that [Defendant] denied him the right to information due to him under the FDCPA."); *see also Church v. Accretive Health, Inc.*, No. 15-15708, 2016 WL 3611543, at *3 (11th Cir. July 6, 2016) (holding that consumer's § 1692g claim was sufficiently concrete to satisfy injury-in-fact requirement).

6. "[E]ven though actual monetary harm is a sufficient condition to show concrete harm, it is *not* a necessary condition." *Lane*, 2016 WL 3671467 at *4 (emphasis in original).

## THE FAIR DEBT COLLECTION PRACTICES ACT

7. Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)).

8. "[T]he FDCPA is a strict liability statute—collector 'need not be deliberate, reckless, or even negligent to trigger liability . . . .'" *Walker v. Pharia, LLC*, No. 4:09-CV-369-Y, 2010 WL 565654, at *3 (N.D. Tex. Feb. 18, 2010) (quoting *Ross v. RJM Acquisitions Runding LLC*, 480 F.3d 493, 495 (7th Cir. 2007)).

## THE UNIFORM COMMERCIAL CODE

9. "Article 9 of the UCC is a comprehensive statutory scheme governing the rights and relationships between secured parties, debtors, and third parties." *McCullough v. Goodrich & Pennington Mortg. Fund, Inc.*, 373 S.C. 43, 53, 644 S.E.2d 43, 49 (2007).

10. Article 9 serves "to provide a simple and unified structure within which the immense variety of present-day secured financing transactions can go forward with less cost and with greater certainty." *Haas' Estate v. Metro–Goldwyn–Mayer, Inc.*, 617 F.2d 1136, 1140 (5th Cir. 1980).

11. After a default, the UCC gives secured parties the right to repossess collateral. *See* TEX. BUS. & COM. CODE § 9.609.

## PARTIES

12. Ms. Lewis is a natural person who at all relevant times resided in the State of Texas, County of Bell, and City of Temple.

13. Ms. Lewis is allegedly obligated to pay a debt.

14. Ms. Lewis is a "consumer" as defined by 15 U.S.C. § 1692a(3).

15. TMT is a company that regularly purchases consumer paper in the form of automobile loans.

16. TMT is a "secured party" as defined by TEX. BUS. & COM. CODE § 9.102(a)(73).

17. PRL is a Texas limited liability company.

18. PRL is an entity that at all relevant times was acting as a repossession agent working at the behest of TMT

19. At all relevant times, PRL was an entity using instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.

20. PRL is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

21. FCAR is a Texas limited liability company.

22. FCAR is an entity that at all relevant times was acting as a repossession agent working at the behest of TMT.

23. At all relevant times, FCAR was an entity using instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.

24. FCAR is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

25. On or about August 1, 2018, Ms. Lewis purchased a 2007 Ford Five Hundred (the "Vehicle").

26. Ms. Lewis purchased the Vehicle for value from another consumer, Patrick Brown.

27. When she purchased the Vehicle, Ms. Lewis was not aware of any security interest held on the Vehicle by any person.

28. When she purchased the Vehicle, no perfected security interest—as to Ms. Lewis—covered the Vehicle.

29. Ms. Lewis purchased the Vehicle for her own personal family and household use.

30. The Vehicle constitutes "consumer goods" as defined by TEX. BUS. & COM. CODE § 9.102(a)(23).

31. Ms. Lewis owned the vehicle outright, and there were no liens recorded on the title for the Vehicle.

32. On or before July 25, 2019, TMT hired PLR to repossess Ms. Lewis's vehicle—notwithstanding the fact that she owned the vehicle outright and there was no lien on the Vehicle.

33. PLR in turn hired FCAR to effectuate the repossession.

34. FCAR then took possession of Ms. Lewis's vehicle on July 25, 2019.

35. At the time FCAR took possession of Ms. Lewis's vehicle, it had no legal authority to do so.

36. At the time FCAR took possession of Ms. Lewis's vehicle, TMT had no legal authority to request PLR to do so.

37. At the time FCAR took possession of Ms. Lewis's vehicle, PLR had no legal authority to request FCAR to do so.

38. As a result of the taking of her vehicle, Ms. Lewis has suffered actual damages

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692f(6)(A)
## FCAR

39. Ms. Lewis repeats and re-alleges each factual allegation contained above.

40. Texas law provides that secured parties may take possession of collateral without judicial action so long as there is no "breach of the peace." TEX. BUS. & COM. CODE § 9.609(b)(2).

41. FCAR had no legal authority to repossess Ms. Lewis's vehicle or its contents.

42. FCAR violated 15 U.S.C. § 1692f(6)(A) by taking or threatening to take non-judicial action to effect dispossession or disablement of Ms. Lewis's property where there was no present right to possession of the property claimed as collateral through an enforceable security interest.

WHEREFORE, Ms. Lewis prays for relief and judgment, as follows:

a) Adjudging that FCAR violated 15 U.S.C. § 1692f(6)(A);

b) Awarding Ms. Lewis statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Ms. Lewis actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Ms. Lewis reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Ms. Lewis pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692f(6)(A)
## PLR

43. Ms. Lewis repeats and re-alleges each factual allegation contained above.

44. Texas law provides that secured parties may take possession of collateral without judicial action so long as there is no "breach of the peace." TEX. BUS. & COM. CODE § 9.609(b)(2).

45. PLR had no legal authority to repossess Ms. Lewis's vehicle or its contents.

46. PLR, through its agent FCAR, violated 15 U.S.C. § 1692f(6)(A) by taking or threatening to take non-judicial action to effect dispossession or disablement of Ms. Lewis's property where there was no present right to possession of the property claimed as collateral through an enforceable security interest.

WHEREFORE, Ms. Lewis prays for relief and judgment, as follows:

a) Adjudging that PLR violated 15 U.S.C. § 1692f(6)(A);

b) Awarding Ms. Lewis statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Ms. Lewis actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Ms. Lewis reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Ms. Lewis pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## COUNT III
## VIOLATION OF TEX. BUS. & COM. CODE § 9.609(b)(2)
## TMT

47. Ms. Lewis repeats and re-alleges each factual allegation contained above.

48. Texas law provides that secured parties may take possession of collateral without judicial action so long as there is no "breach of the peace." TEX. BUS. & COM. CODE § 9.609(b)(2).

49. TMT had no legal right to repossess Ms. Lewis's vehicle because she owned it outright and there was no active lien on the Vehicle.

50. TMT violated TEX. BUS. & COM. CODE § 9.609(b)(2) when it illegally repossessed Ms. Lewis's Vehicle.

51. TMT acted maliciously and/or with gross negligence, and engaged in extreme and outrageous conduct by taking Ms. Lewis's vehicle.

WHEREFORE, Ms. Lewis prays for relief and judgment, as follows:

a) Adjudging that TMT violated TEX. BUS. & COM. CODE § 9.609(b)(2);

b) Awarding Ms. Lewis statutory damages, pursuant to TEX. BUS. & COM. CODE § 9.625(c)(2);

c) Awarding Ms. Lewis actual damages, pursuant to TEX. BUS. & COM. CODE § 9.625(c)(1);

d) Awarding Ms. Lewis exemplary damages in an amount to be proved at trial;

e) Awarding Ms. Lewis pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## TRIAL BY JURY

52. Ms. Lewis is entitled to and hereby demands a trial by jury.

Dated: October 24, 2019

Respectfully submitted,

/s/ Russell S. Thompson IV
Russell S. Thompson IV
Thompson Consumer Law Group, PC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206
Telephone:    602-388-8898
Facsimile:    866-317-2674
rthompson@ThompsonConsumerLaw.com

Attorney for Plaintiff